UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

    Plaintiff,

v.                                       Case No. 1:04-cv-533
                                              HON. R. ALLAN EDGAR

FREDERICK BANDT,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Fred Reeves, an inmate currently confined at the Alger Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Corrections Officer Frederick Bandt, who is employed by the Michigan Department of Corrections at the Ionia Maximum Correctional Facility.

Plaintiff's complaint alleges that on May 25, 2001, he went into cardiac arrest and required emergency medical attention. Plaintiff states that other prisoners assisted him by kicking on the cell doors in order to alert unit staff. Defendant responded by asking Plaintiff what was wrong. Several prisoners told defendant that plaintiff was having a heart attack, and defendant responded, "In that case, kick harder." Defendant then walked away. Approximately 25 minutes later, Officer Huizing was making a round and found plaintiff unconscious on the floor of his cell. Plaintiff became conscious while being transported to the Ionia County Memorial Hospital by ambulance. Plaintiff was admitted to the hospital and was kept overnight. It appears that plaintiff was monitored overnight at the hospital and his final diagnosis, according to the emergency room report, was having chest pain. When plaintiff had the chance to ask defendant why he did not assist

him, defendant responded "I was counting on one less nigger in the world." Plaintiff claims that defendant violated his constitutional rights and is seeking compensatory and punitive damages.

Presently before the Court is defendant's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

On September 28, 2005, the court denied Defendant's first motion for dismissal and/or summary judgment. In my prior Amended Report and Recommendation I stated:

> Following a careful review of the record in this case, it appears that there is adequate evidence to support Plaintiff's assertion that he suffered from a serious medical condition. As noted above, the unit log book, the history of cell usage form, and Defendant's affidavit all support a finding that Defendant was assigned to Lower B-Wing on the date in question, while Plaintiffs' cell was in Upper A-Wing. Defendant denies any knowledge of the subject matter of the instant complaint. Plaintiff explains that both Lower B-Wing and Upper A-Wing are in the same unit. Defendant was in that unit during the incident. Plaintiff further states that the officer's day room is located on the A-Wing and that Defendant came out of the day room when plaintiff and other prisoners kicked the door. Defendant, it appears, was initially informed that plaintiff was in distress. Defendant simply ignored the request for help. Further, plaintiff asserts that if the court would allow discovery of the Critical Incident Reports, those reports would disclose that defendant Bandt was involved in this incident. Accordingly, based upon plaintiff's assertions it is premature to dismiss this action for lack of a genuine issue of fact.

Amended Report and Recommendation at 9, docket #43. Defendant has now filed a second motion for summary judgment, asserting that no genuine issue of material fact exists and defendant is entitled to dismissal of this action. The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Plaintiff has submitted an affidavit from a prisoner which claimed that defendant came to plaintiff's cell about three to four minutes after prisoners began kicking their cell doors and that Officer Huizing came to the cell about 25 minutes after defendant and then called an ambulance.

Defendant has now shown that plaintiff's assertions cannot be factually correct. All the records and documentary evidence show that defendant could not have been present at plaintiff's cell and that defendant could not have been involved in this incident. Plaintiff can come forward

with no evidence to rebut defendant's motion for summary judgment. Although plaintiff requests further discovery, the additional items plaintiff requests do not exist. There are no critical incident reports and there is no videotape of the incident.

     Officer Huizing worked in plaintiff's unit and did rounds during the time period in question. Officer Huizing signed the door card during his rounds. Officer Huizing signed the door card at 7:52 p.m. and 8:21 p.m. Plaintiff was observed rolling on the floor at 8:41 p.m. and an ambulance was called at 8:45 p.m. There was only, at most, a twenty-minute time span between when Officer Huizing last checked on plaintiff and when plaintiff was observed on the floor which necessitated the calling of an ambulance. Since plaintiff alleged that defendant had come to his cell twenty five minutes before an ambulance was called, that would place defendant at plaintiff's cell at approximated 8:15 p.m., which was approximately six minutes before the time officer Huizing checked plaintiff. Additionally, the records show that defendant Bandt was in the Lower B-Wing at the time he allegedly was at plaintiff's cell. Defendant Bandt began making rounds in the Lower B-Wing at 7:48 p.m. and made rounds again at 8:17 p.m. It is undisputed that defendant Bandt was not working in plaintiff's wing, but was responsible for the prisoners in Lower B-Wing. Defendant has also shown that Upper A-Wing and Lower B-Wing are in different wings of the unit and on different levels of the unit. A-Wing extends to the left side of the unit and B-Wing extends to the right side of the unit. Doors separate the hallways that lead to each wing and day rooms are located in each wing. There exists no evidence to dispute the conclusion that defendant was not involved in this incident. The evidence shows that defendant was doing his job in a different wing of the unit at the time plaintiff was allegedly in distress. Plaintiff was observed by an officer who was responsible for conducting rounds in plaintiff's unit, twenty minutes before the ambulance was called. Plaintiff has failed to show that he was delayed medical treatment for a serious medical need

by defendant. Moreover, all the relevant discovery has been provided to the court in this matter. No other records exist which could support plaintiff's claims.

In summary, in the opinion of the undersigned, plaintiff has failed to sustain his burden of proof in response to defendant's motion for summary judgment. Accordingly, it is recommended that defendant's Motion for Summary Judgment (Docket #51) be granted and this case be dismissed in its entirety. It is further recommended that plaintiff's motion to strike defendant's motion for summary judgment (docket #65) be denied.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   July 6, 2006