UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRED REEVES,

    *Plaintiff,*

v.                                            Case No. 1:04-cv-533
                                                 HON. R. ALLAN EDGAR

FREDERICK BANDT,

    *Defendant.*

_____/

### MEMORANDUM AND ORDER

    Plaintiff Fred Reeves, a state prisoner in the custody of the Michigan Department of Corrections, brings this civil rights action under 42 U.S.C. § 1983. Defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56. [Doc. No. 51]. In response, plaintiff has made a motion [Doc. No. 65] to strike the defendant's summary judgment motion.

    Magistrate Judge Timothy P .Greeley has submitted a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1 and 72.2. [Doc. No. 84]. The Magistrate Judge recommends that the defendant's motion for summary judgment be granted and that the plaintiff's complaint be dismissed with prejudice. It is further recommended that the plaintiff's motion to strike be denied.

    Plaintiff objects to the report and recommendation. [Doc. No. 93]. After reviewing the record *de novo*, the Court concludes that the plaintiff's objections lack merit and are **DENIED**. The plaintiff's main objection is that if he is allowed more time to take discovery and if the Court were to order defendant to produce some prison records, it might support the plaintiff's complaint. The Court finds that this is nothing more than conjecture and speculation which is insufficient to defeat the defendant's summary judgment motion.

The Court **ACCEPTS and ADOPTS** the Magistrate Judge's report and recommendation as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b).  Accordingly, the defendant's motion for summary judgment [Doc. No. 51] is **GRANTED** pursuant to Fed. R. Civ. P. 56 and the plaintiff's complaint shall be **DISMISSED WITH PREJUDICE**.  The plaintiff's motion to strike [Doc. No. 65] is **DENIED**.

The Court further concludes that an appeal of this decision would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F. 3d 601, 611 (6th Cir. 1997).  The Court discerns no good-faith basis for an appeal.  Should the plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three strikes" rule of 28 U.S.C. 1915(g).  If he is so barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A separate judgment will be entered.


SO ORDERED

Dated: August 17 , 2006.                               */s/ R. Allan Edgar*
                                                                      R. ALLAN EDGAR
                                                          UNITED STATE S DISTRICT JUDGE